IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAMELA ALLEN-WILKES, SHANICKA WILKES, and CARESS WILKES, <br><br> Defendants. | Case No. 1:20-cv-01074-STA-jay |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

Unum Life Insurance Company of America filed this interpleader action against Defendants Pamela Allen-Wilkes, Shanicka Wilkes, and Caress Wilkes, all of whom are purported beneficiaries of a $60,000 life insurance policy maintained by the decedent Donald Wilkes. On July 9, 2020, the Court granted Unum Life's motion for a final decree of interpleader and ordered Unum Life to deposit its admitted liability of $60,000 plus all applicable accrued interest, with the Clerk of this Court. (ECF No. 19.) Defendants Shanicka Wilkes and Caress Wilkes have now filed a motion for default judgment against Defendant Allen-Wilkes pursuant to Rule 55 of the Federal Rules of Civil Procedure.[1] (ECF No. 21.) Defendants contend that Allen-Wilkes was served with the complaint on May 5, 2020, but has not entered an appearance or otherwise filed a responsive document to the complaint.

Defendants' motion must be denied because they have not first requested entry of default from the Clerk of the Court. In order for a party to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). A default judgment is governed

---

[1] Defendant Shanicka Wilkes has disavowed any interest in the benefits.

by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (citation omitted).

> The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.

*Hanner v. City of Dearborn Heights*, 2008 WL 2744860 at *1 (E.D. Mich. July 14, 2008) (citation omitted). *See also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (citation omitted) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b).") In this case, the Clerk has not entered default under Rule 55(a). Therefore, Defendants are not entitled to a default judgment under Rule 55(b). However, they may re-file their motion for a default judgment after the Clerk has entered default. Additionally, because Defendants' "claim is for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), the Clerk of the Court may also enter a default judgment.[2]

Accordingly, the motion for default judgment is **DENIED** without prejudice.[3]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 29, 2020

---

[2] "Sums certain are sums that can be calculated from the terms of a written document such as a contract or promissory note." *Ironworkers Dist. Council of S. Ohio v. Reinforcing Servs. Co., LLC*, 2009 WL 4154905 at *2 (S.D. Ohio Nov. 20, 2009) (citing *Dailey v. R & J Commercial Contracting*, 2002 WL 484988 at *3 (S.D. Ohio Mar. 28, 2002)).

[3] Defendants may submit a request for entry of default and a request for default judgment in the amount of the insurance policy and any accrued interest from the Clerk of the Court in the same document, along with a supporting affidavit demonstrating Defendant Allen-Wilkes' failure to plead or otherwise defend after being properly served with the complaint and summons.